UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF C. AIDNIK, | 1:13-CV-00044 GSA HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND PAROLE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Petitioner filed the instant federal petition for writ of habeas corpus on January 2, 2013, in the Sacramento Division of the Eastern District of California. On January 11, 2013, the petition was transferred to the Fresno Division and received in this Court. Petitioner complains he is being subjected to a term of parole in excess of his plea agreement.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

1 of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears
2 from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing §
3 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order
4 Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

5      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
6 petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
7 exhaustion doctrine is based on comity to the state court and gives the state court the initial
8 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
9 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
10 1163 (9th Cir. 1988).  A petitioner can satisfy the exhaustion requirement by providing the highest
11 state court with a full and fair opportunity to consider each claim before presenting it to the federal
12 court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);
13 Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

14      Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has
15 not sought relief for his claim in the California Supreme Court.  If Petitioner has not presented his
16 claim to the California Supreme Court, this Court cannot proceed to the merits. 28 U.S.C.
17 § 2254(b)(1). It is possible, however, that Petitioner has presented his claim to the California
18 Supreme Court and simply neglected to inform this Court.  Thus, Petitioner must inform the Court if
19 his claim has been presented to the California Supreme Court, and if possible, provide the Court with
20 a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by
21 the California Supreme Court.

**ORDER**

23      Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be
24 dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the
25 Court within thirty (30) days of the date of service of this Order whether he has sought relief in the
26 California Supreme Court.

27      Petitioner is forewarned that failure to follow this order will result in dismissal of the petition
28 pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court

1 order may result in a dismissal of the action, and the dismissal operates as an adjudication on the
2 merits).

4     IT IS SO ORDERED.

5     Dated:     **January 30, 2013**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE