UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF C. AIDNIK, | 1:13-CV-00044 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND PAROLE, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Petitioner filed the instant federal petition for writ of habeas corpus on January 2, 2013, in the Sacramento Division of the Eastern District of California. On January 11, 2013, the petition was transferred to the Fresno Division and received in this Court. Petitioner complains he is being subjected to a term of parole in excess of his plea agreement.

After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, on January 31, 2013, the undersigned determined that it appeared

1  Petitioner had not sought relief in the California Supreme Court. Accordingly, the undersigned
2  issued an order directing Petitioner to show cause why the petition should not be dismissed for
3  failure to exhaust state remedies.

4     On February 6, 2013, Petitioner responded to the order to show cause. Petitioner states he
5  has made several attempts to seek relief for his claims in the Tuolumne County Superior Court. He
6  states his requests were denied by the court clerk on each occasion. Nevertheless, the superior court
7  is not Petitioner's only avenue of relief. Petitioner may seek relief in the appellate court and then in
8  the California Supreme Court. As stated in the order to show cause, a state prisoner who wishes to
9  collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state
10 judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied by providing the
11 highest state court with a full and fair opportunity to consider each claim before presenting it to the
12 federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276
13 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this case, Petitioner has not presented
14 his claims in the California Supreme Court. Therefore, the Court cannot proceed to the merits of the
15 petition and the petition must be dismissed. 28 U.S.C. § 2254(b)(1).

## CERTIFICATE OF APPEALABILITY

17     A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
18 district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
19 El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue
20 a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

21  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
    district judge, the final order shall be subject to review, on appeal, by the court
22  of appeals for the circuit in which the proceeding is held.

23  (b) There shall be no right of appeal from a final order in a proceeding to test the
    validity of a warrant to remove to another district or place for commitment or trial
24  a person charged with a criminal offense against the United States, or to test the
    validity of such person's detention pending removal proceedings.
25
    (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an
26       appeal may not be taken to the court of appeals from–

27       (A) the final order in a habeas corpus proceeding in which the
         detention complained of arises out of process issued by a State
28       court; or

     (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

  If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

  In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

  Accordingly, IT IS HEREBY ORDERED:

  1) The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies;

  2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

  3) The Court DECLINES to issue a certificate of appealability.


  IT IS SO ORDERED.

  Dated:  **February 12, 2013**      /s/ **Gary S. Austin**
                      UNITED STATES MAGISTRATE JUDGE